## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

**FRANKLIN C. SMITH,**

      Petitioner,

**v.**                                            **Case No. 2:18-cv-327**

**HAROLD W. CLARKE, Director,**
**Virginia Department of Corrections,**

      Respondent.

## REPORT AND RECOMMENDATION

This matter is before the Court on Petitioner Franklin C. Smith's ("Petitioner") *pro se* Petitions for a Writ of Habeas Corpus ("the Petition") filed pursuant to 28 U.S.C. § 2254, ECF Nos. 8, 25, 26, and Respondent Harold W. Clarke's ("Respondent") Motion to Dismiss, ECF No. 14. The matter was referred for a recommended disposition to the undersigned United States Magistrate Judge ("undersigned") pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72(b), Eastern District of Virginia Local Civil Rule 72, and the April 2, 2002, Standing Order on Assignment of Certain Matters to United States Magistrate Judges. The undersigned makes this recommendation without a hearing pursuant to Federal Rule of Civil Procedure 78(b) and Eastern District of Virginia Local Civil Rule 7(J). For the following reasons, the undersigned **RECOMMENDS** that the Respondent's Motion to Dismiss, ECF No. 14, be **GRANTED**, and the Petitions, ECF Nos. 8, 25, and 26, be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**

## I. PROCEDURAL BACKGROUND

On July 10, 2017, a jury convicted Petitioner of statutory burglary with intent to commit a larceny in the Circuit Court of the City of Virginia Beach (the "Trial Court"). ECF No. 16, attach. 1 at 1. The Trial Court entered its judgment on March 2, 2018 and sentenced Petitioner to thirty months in prison. *Id.* at 1-2. The Trial Court also imposed an additional suspended two years of incarceration, pending Petitioner's successful completion of a two-year post-release supervision term. *Id.* at 1. It is unclear whether Petitioner is presently incarcerated based on his burglary conviction or for some other unrelated offense.[1]

On July 26, 2018, Petitioner appealed his conviction to the Court of Appeals of Virginia alleging that the evidence at trial was insufficient for the jury to convict him. ECF No. 16, attach. 2. That appeal is presently pending before the Court of Appeals of Virginia. ECF No. 16 at 1-2; ECF No 8. Petitioner has not made any appeal to the Supreme Court of Virginia nor has Petitioner filed any petition in Virginia state courts for habeas relief. *Id.* at 2.

Over the past two years, Petitioner has filed three petitions for habeas relief in this Court. Because the petitions were substantially similar, the Court consolidated the petitions under the primary case number 2:18cv327. *See* ECF No. 24; *Smith v. Clarke*, 2:18cv296, ECF No. 4 (consolidating Case No. 2:18cv398 with 2:18cv296). Accordingly, pending before the Court are three similar petitions for habeas relief pursuant to 28 U.S.C. § 2254—ECF No. 25 ("Petition No. 1), ECF No. 8 (Petition No. 2), and ECF No. 26 (Petition No. 3). While there are many extraneous

---

[1] On January 16, 2019 Petitioner filed a Notice of Change of Address advising the Court of a new address on 42nd Street in Newport News, suggesting he had been released from his term of incarceration. ECF No. 5. On April 1, 2019, Petitioner filed another Notice of Change of Address providing a prisoner number and advising that his new address was a P.O. Box in Virginia Beach. ECF No. 19. Petitioner's last filing with the Court, received on November 4, 2019, listed the same prisoner number, P.O. Box, and was stamped as correspondence sent from an inmate, suggesting Petitioner is presently incarcerated. ECF No. 30, attach. 2.

details in each Petition and other documents filed by Petitioner[2], the Petitions each claim that

Petitioner is being subjected to double jeopardy. In Petition No. 1 and Petition No. 3, Petitioner

describes Ground One for relief as:

> Double Jeopardy is forbidden of both our United States Constitution pursuant to
> Fifth Amendment and the Constitution of Virginia. "No person shall be put twice
> in jeopardy for the same offense, "nor shall he or she be deprived of life, liberty or
> equal protection of the law."

ECF No. 25 at 4; ECF No. 26 at 4. As for the supporting facts of Petitioner's claim, he alleges:

> Respondent had adopted an unlawful and illegal policy which wrongfully allows
> the Court and legal services to enhance Petitioner's court order sentence of 30
> months/2½ years to 3½ years: Whereas, Petitioner's commitment date is (August
> 24th, 2016) of a 30-month sentence with 5 days per 30 served. Along with fourth
> months extradition time from (March 20th, 2016) to (July 11th, 2016) of which was
> never applied to any case, not credited towards his sentence of 30 months. But,
> Court and legal services has enhanced his sentence to (October 27, 2019) with a
> deliberate and gross, malicious reckless disregard for federally protected rights and
> constitution.

*Id.* In Petition No. 2, Petitioner states Ground One for relief as "Double Jeopardy—, which

includes wrongful enhancement of sentence in contravention of our Fifth Amendment under our

Constitution." ECF No. 8 at 5. As for the supporting facts of the Petitioner's claim, Petitioner

entitles the section "Fraud Upon the Court – Rule 60.(b)(3)" and uses the remaining sections to

describe his "fraud upon the court" allegation. *Id.*

Respondent filed a Motion to Dismiss, a Rule 5 Answer, a Brief in Support of the Motion

to Dismiss, and *Roseboro* Notice.[3] ECF Nos. 14-17. Petitioner filed a response to Respondent's

Motion, and two amended replies. ECF Nos. 21, 29, 30. Therefore, the Petitions and Motion to

---

[2] For example, Petitioner also filed an "Emergency Petition" on November 5, 2018. ECF No. 27. It appears Petitioner
is requesting the Court order his immediate release based on his claim that he is being held in violation of the Double
Jeopardy clause because of a miscalculation of his sentence. *Id.* On November 19, 2018, Petitioner then filed an
Addendum to the "Emergency Petition," stating that his release date had passed, but the Department of Corrections
was "fabricat[ing] write ups to justify" holding him in prison. ECF No. 28.

[3] Respondent's Answer, Motion to Dismiss, and related briefing was deemed as Respondent's response to all
Petitions by the Court's Order on October 18, 2019. ECF No. 24 at 2.

Dismiss are now ripe for recommended disposition.

## II. DISCUSSION

Before considering the merits of a federal habeas petition, the preliminary inquiry must be (1) whether Petitioner appropriately exhausted the claims asserted in the Petition, (2) whether Petitioner has procedurally defaulted on his claims such that these claims are simultaneously exhausted and defaulted for purposes of federal habeas review, and (3) whether Petitioner's federal habeas petition was timely or may be excused for untimely filing under the Anti-terrorism and Effective Death Penalty Act ("AEDPA").

A. Exhaustion and Procedural Default

### 1. Exhaustion

Section 2254 allows a prisoner held in state custody to challenge his detention on the grounds that his custody violates the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (2012). However, a state prisoner must first exhaust his available state remedies—or demonstrate the absence or ineffectiveness of such remedies—before petitioning for federal habeas relief in order to advance the policy of giving "state courts the first opportunity to consider alleged constitutional errors occurring in a state prisoner's trial and sentencing." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). Importantly, "the petitioner bears the burden of demonstrating that state remedies have, in fact, been exhausted." *Mallory v. Smith*, 27 F.3d 991, 994 (4th Cir. 1994); *see id.* at 618. To satisfy the exhaustion requirement and encourage comity between state and federal proceedings, *McCleskey v. Zant*, 499 U.S. 467, 493 (1991), a habeas petitioner must seek appeal in the highest state court with jurisdiction to consider the claim through either direct appeal or post-conviction appeal *and* the "essential legal theories and factual allegations advanced in the federal court [must be] the same as those advanced at least once to the

4

highest state court," *Pruett v. Thompson*, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), *aff'd in Pruett v. Thompson*, 996 F.2d 1560 (4th Cir. 1993); *see also* 28 U.S.C. § 2254(c) (2012). Meaning, a habeas "petitioner convicted in Virginia first must have presented the same factual and legal claims raised in his federal habeas corpus application to the Supreme Court of Virginia on direct appeal or in a state habeas corpus petition." *Moody v. Dir., Va. Dep't of Corr.*, No. 1:14cv1581, 2016 WL 927184, at *3 (E.D. Va. Mar. 3, 2016), *appeal dismissed*, 669 F. App'x 160 (4th Cir. 2016).

## 2. Procedural Default

In addition to exhaustion, federal habeas petitioners must also overcome procedural default. *See Breard*, 134 F.3d at 619. According to the Fourth Circuit, a habeas petitioner has procedurally defaulted his or her federal habeas claim "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal." *Id.* (citing *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991)); *see also Escalante v. Watson*, 488 F. App'x 694, 699 (4th Cir. 2012). Furthermore, when considering a petition for federal habeas corpus, § 2254(d) mandates that a state court's finding of procedural default be presumed correct, provided that the state court relied explicitly on procedural grounds to deny petitioner relief. *See Ford v. Georgia*, 498 U.S. 411, 423-24 (1991); *see also James v. Kentucky*, 466 U.S. 341, 348-51 (1984) (holding that the application of a "firmly established and regularly followed state practice" may prevent federal courts from reviewing certain constitutional claims). "A federal court *cannot* review a procedurally defaulted claim unless the prisoner can demonstrate cause and prejudice for the default or a fundamental miscarriage of justice." *Hedrick v. True*, 443 F.3d 342, 359 (4th Cir. 2006) (emphasis added). As a matter of policy, the Supreme Court held that "[t]he procedural default doctrine thus advances the same comity, finality, and federalism interests advanced by the

Case 2:18-cv-00327-MSD-LRL Document 32 Filed 12/30/19 Page 6 of 8 PageID# 196

exhaustion doctrine." *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017) (citing *McCleskey*, 499 U.S. at 493).

Absent a showing of cause and prejudice or a fundamental miscarriage of justice (such as actual innocence), this Court cannot review the merits of a defaulted claim. *See Harris v. Reed*, 489 U.S. 255, 262 (1989); *see also Sparrow v. Dir., Dep't of Corr.*, 439 F. Supp. 2d 584, 588 (E.D. Va. 2006) (explaining that "a petitioner may nonetheless overcome procedural default, and have his claims addressed on the merits, by showing either cause and prejudice for the default, or that a miscarriage of justice would result from the lack of such review"). The Fourth Circuit has held that "[t]o establish cause, a petitioner must 'show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule.'" *Hedrick*, 443 F.3d at 366 (quoting *Roach v. Angelone*, 176 F.3d 210, 222 (4th Cir. 1999)). Importantly, a court need not consider the issue of prejudice in the absence of cause." *Booker v. Clarke*, 2016 WL 4718951, at *5 (E.D. Va. Sept. 8, 2016), *appeal dismissed*, 678 F. App'x 152 (4th Cir. 2017), *cert. denied*, 138 S. Ct. 234, 199 L. Ed. 2d 152 (2017), *reh'g denied*, 138 S. Ct. 538, 199 L. Ed. 2d 414 (2017) (citing *Kornahrens v. Evatt*, 66 F.3d 1350, 1359 (4th Cir. 1995), *cert. denied*, 517 U.S. 1171 (1996)).

### 3. Petitioner Has Not Exhausted His Claim

Here, Petitioner has not exhausted his claims. Respondent argues, and Petitioner does not dispute, that Petitioner's appeal of his conviction is pending before the Court of Appeals of Virginia and has not been appealed to the Supreme Court of Virginia. *See* ECF No. 16 at 2-3; ECF No. 25 at 4. Nor has Petitioner filed for habeas relief in any Virginia State Court. Petitioner also did not demonstrate the absence or ineffectiveness of his state remedies. Rather, Petitioner states that he is not required to exhaust a claim for double jeopardy. ECF No. 25 at 4; ECF No. 26 at 4. Petitioner's contention is not accurate. *See* 28 U.S.C. § 2254(b)(1)(A); *Sowell v. Padula*, No. 9:10-

6

0751-HFF-BM, 2010 U.S. Dist. LEXIS 36514, at *5-6 (D.S.C. Apr. 1, 2010) ("Since the petitioner has raised Double Jeopardy as a claim in his pending post-conviction case, it is clear that the issue of Double Jeopardy is not exhausted."). As stated by Respondent, absent any decision by the Court of Appeals of Virginia or the Virginia Supreme Court, it is impossible to know at this stage whether Petitioner's claims are simultaneously exhausted and defaulted for purposes of federal habeas review. *See* ECF No. 16 at 3. Moreover, the Court cannot determine whether the Petitions are timely under AEDPA because there is no final judgment. Because Petitioner has not exhausted his state court remedies, his Petitions should be denied and dismissed without prejudice on those grounds. *Pruett v. Thompson*, 996 F.2d 1560, 1569 (4th Cir. 1993); *Lugaro v. Clarke*, Civil Action No. 3:19CV288, 2019 U.S. Dist. LEXIS 111841, at *2 (E.D. Va. July 1, 2019) (noting that unexhausted claims must be dismissed).

### III. CONCLUSION

The Court **FINDS** that Petitioner has not exhausted his state court remedies with respect to the grounds alleged in Petition No. 1, Petition No. 2, and Petition No. 3, *see* ECF Nos. 25, 8, 26, and therefore, the Court may not reach the merits of Petitioner's claims.

### IV. RECOMMENDATION

For these reasons, the undersigned **RECOMMENDS** that the Respondent's Motion to Dismiss, ECF No. 14, be **GRANTED**, and the Petitions, ECF No. 8, 25, 26 be **DENIED** and **DISMISSED WITHOUT PREJUDICE**.

### V. REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, Petitioner is notified that:

1. Any party may serve on the other party and file with the Clerk of this Court specific written objections to the above findings and recommendations within fourteen days from the date

this Report and Recommendation is forwarded to the objecting party, *see* 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Federal Rule of Civil Procedure Rule 6(a). A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

2. A United States District Judge shall make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert. denied*, 474 U.S. 1019 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to Petitioner and to counsel for Respondent.

/s/
Lawrence R. Leonard
United States Magistrate Judge
Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
December 30, 2019

8